**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1464C
Filed: January 5, 2017

FILED
JAN - 5 2017
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * *
NICOLL STEWART,
        Plaintiff,
v.
UNITED STATES,
        Defendant.
* * * * * * * * * * * * * * * * * *

Pro Se Plaintiff; Subject Matter Jurisdiction; Tort Claims; Criminal Claims.

**Nicoll Stewart**, pro se, Lafayette, Indiana.

**Douglas G. Edelschick**, Trial Attorney, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him was **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, **Robert E. Kirschman, Jr.**, Director, and **Martin F. Hockey, Jr.**, Assistant Director, Civil Division, United States Department of Justice.

## ORDER

**HORN, J.**

On November 3, 2016 pro se plaintiff Nicoll Stewart filed a complaint in the United States Court of Federal Claims against various state agencies and personnel including the "Department of Descrimination."[1]

Ms. Stewart alleges that:

> I am a previous victim of civil rights violation and invasion of privacy. I have reasons to believe I am owed a large sum of benefits for the crimes and actions taken by congressman and state workers in association for accepting certain conditions in my life. My human have been violated in the worst way, along with my parent rights. Crimes include but not limited to:
>
> * endangering a child
>
> * sexual exploitation/child exploitation
>
> *Harrassment

---

[1] Capitalization, grammar, punctuation and other errors quoted in this Order are as they appear in plaintiff's complaint.

> *intimidation
>
> * corporation violation
>
> *Humiliation
>
> *Human trafficking
>
> I believe this was scheduled a charity purpose, however my human rights was not included.
>
> Since my human/parenting rights was dismissed on numerous mistakes and options, I have been taking more legal action in regards to my situation. These type of actions are very dangerous for any tenant, or citizen. But I've accepted things for how they are, and now I'm claiming my parts of the funds.

Ms. Stewart also states that "[t]hese are huge challenges people face on a daily basis, unfortunately I've mastered every area of these type of problems." In response to plaintiff's complaint, on December 19, 2016, the defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) (2016) of the Rules of the United State Court of Federal Claims.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se, without the assistance of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied 135 S. Ct. 1909 (2015). "However, '[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities

in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

The Tucker Act, 28 U.S.C. § 1491, grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting

3

Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565–66 (2009

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805

4

F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2016); Fed. R. Civ. P. 8(a)(1), (2) (2016); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

Defendant moves to dismiss the claims asserted in plaintiff's complaint as outside of the court's subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1). Defendant argues that this court lacks subject matter jurisdiction to consider plaintiff's allegations that sound in tort or criminal law. Plaintiff makes multiple general allegations in her complaint, and to the extent that plaintiff's complaint asserts a list of tortious claims including "invasion of privacy," "endangering a child," "sexual exploitation/child exploitation," "Harrassment," "intimidation," "corporation violation,"[2] "Humiliation," and "Human trafficking." Those claims sound in tort or allege criminal acts.

The Tucker Act expressly excludes tort claims from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the

---

[2] Plaintiff's allegation of a "corporation violation" is so broad, non-specific and unintelligible it is not clear what would be the basis for this court's jurisdiction.

United States, or for liquidated or unliquidated damages in cases not sounding in tort.") (emphasis added); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.) ("Because Brown and Darnell's complaints for 'fraudulent assessment[s]' are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims."), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012); Jumah v. United States, 90 Fed. Cl. 603, 607 (2009) ("[I]t is well-established that the Court of Federal Claims does not have jurisdiction over tort claims. Here, Mr. Jumah seeks damages for '[n]eglect, [m]isrepresentation, [f]alse [i]mprisonment, [c]onspiracy, [i]ntentional [i]nfliction of emotional [d]istress, [i]nvasion of [p]rivacy, [n]egligence and [t]respass and [p]unitive [d]amages.' These are all claims sounding in tort." (internal citation omitted; all brackets in original)), aff'd, 385 F. App'x 987 (Fed. Cir. 2010); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); Fullard v. United States, 77 Fed. Cl. 226, 230 (2007) ("This court lacks jurisdiction over plaintiff's conspiracy claim because the Tucker Act specifically states that the Court of Federal Claims does not have jurisdiction over claims 'sounding in tort.'"); Edelmann v. United States, 76 Fed. Cl. 376, 379–80 (2007) ("This Court 'does not have jurisdiction over claims that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties' . . . [and] Plaintiffs' claims of fraud, misrepresentation, slander, perjury, harassment, intimidation, coercion, theft, and defamation, and their claims that the Government deprived Ms. Edelmann of her right to a fair trial, are tort claims." (quoting Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998)); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). Plaintiff's claims sounding in tort, such as "invasion of privacy," "Harrassment," "intimidation," or "Humiliation," must, therefore, be dismissed for lack of subject matter jurisdiction.

To the extent that plaintiff allegations are characterized as acts of criminal conduct, such as "endangering a child," "sexual exploitation/child exploitation," and "Human trafficking," this court also lacks jurisdiction to adjudicate those claims. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) (holding that "this court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts.") (internal citations omitted); Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Matthews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), recons. denied, 73 Fed. Cl. 524 (2006); McCullough v. United States, 76 Fed. Cl. at 4 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims). Accordingly, to the extent plaintiff raises allegations asserting criminal acts, those allegations must be dismissed for lack of subject matter jurisdiction.

Furthermore, Ms. Stewart does not appear to assert any specific wrongful act by a Federal agency, official, or employee. Instead, the complaint attempts to allege wrongful acts by an unidentified congressman and unnamed Indiana state workers. The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citation omitted); see also Kurt v. United States, 103 Fed. Cl. 384, 386 (2012). Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); see also United States v. Sherwood, 312 U.S. at 588; May v. United States, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), aff'd, 293 F. App'x 775 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2008). It is, therefore, well-established that this court does not have jurisdiction to hear any claims against defendants other than the United States.

Moreover, with respect to Ms. Stewart's references to an unidentified congressman and Federal agencies, including the "Department of housing and urban Development," "Department of Justice," "Department of education," "Civil rights commission," "human relations," "Department of Descrimination," and "US Capitol," even granting the more liberal construction afforded to pro se plaintiffs, Ms. Stewart's allegations are so vague so as to be unclear regarding what would be the basis for this court's jurisdiction.

Finally, the court notes that plaintiff has failed to pay the filing fee or file a motion to proceed in forma pauperis in the above captioned case. Therefore, before the Clerk's Office files another complaint from the plaintiff, plaintiff must either pay the filing fee or file a motion to proceed in forma pauperis.

## CONCLUSION

Defendant's motion to dismiss is **GRANTED,** and plaintiff's complaint is **DISMISSED**. The Clerk's Office shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**